MONROE COUNTY.—HON. J. A. ADLINGTON, SURRO-
GATE.—February, 1884.

## MATTER OF STARR.

*In the matter of the judicial settlement of the account
of* GEORGE H. STARR *and another, as executors of
the will of* FREDERICK STARR, *deceased.*

Where executors, in their petition for a judicial settlement of their ac-
count, deny the validity of a bequest contained in their testator's
will, the Surrogate's court has authority, as an incident to the power
to give directions for the proper and lawful distribution of the es-
tate, to construe the will, in order to the determination of the ques-
tion thus presented.

Testator, by his will, directed his executors to pay his debts, funeral ex-
penses and certain personal legacies, and bequeathed to them the
residue after such payment, in trust to invest the same, and, from
the interest accruing therefrom during a period of twelve years, to
pay certain legacies to religious and charitable associations specifi-
cally named.—

*Held,* that the trust was void (1) as suspending the ownership of the resi-
duary estate for a definite period of time, instead of for the uncer-
tain duration of two lives in being, as required by the statutes
against perpetuities, and (2) because the directed accumulation of
interest was not for any of the purposes allowed by law.

Double commissions cannot be allowed to the same persons, as executors
and testamentary trustees, on one fund, where the trust imposed on
the executors consists simply in holding the same and keeping it in-
vested until the time for paying it over, and in the meantime dispos-
ing of the income as directed in the will, unless the money so held in
trust has been, if not by direction of a court, at least actually and in
fact, separated from the body of the estate, and held as a distinct
fund by the trustees, as such, after their relation thereto as executors
has ceased.

Hall v. Hall, 78 *N. Y.,* 535—compared; Hurlburt v. Durant, 88 *N. Y.,*
121—distinguished.

APPLICATION by executors for commissions, and for
a construction of decedent's will, upon the judicial set-

tlement of their account. The facts appear sufficiently in the opinion.

S. D. BENTLEY *and* GEO. H. STARR, *for executors.*

W. F. COGSWELL, *for heirs at law.*

OSCAR CRAIG, *for charitable institutions.*

THE SURROGATE.—The above named executors present their accounts as such, and ask for a final settlement of the same. They also ask to be allowed commissions, both as executors and trustees, and for the direction of the court as to the distribution of the fund, alleging that the bequests directed to be paid by section 23 of the will are invalid.

The testator died in 1869, and left the bulk of his estate to his executors *in trust* to pay debts and certain personal legacies, and thereafter made the following provisions, viz:

Sec. 23. "Should the proceeds of my entire estate, real and personal, more than suffice for the payment of my just debts, funeral expenses and the personal legacies hereinbefore mentioned, then, and in that case, I give and bequeath in trust to my executors, or the survivors of them, all that excess, be the amount more or less. They shall securely invest it on bond and mortgage, if possible, *and from the interest accruing therefrom* they shall pay the following legacies for Christian benevolence, in the order herein set forth." (Then follow different legacies, aggregating $22,000.00 to religious and charitable associations specifically named.)

Sec. 24. "In the foregoing plan for benevolent gifts, I have estimated that the principal sum remaining as

the residue of my estate after paying my funeral expenses, just debts and personal legacies in this will before enumerated, will amount to as much as $20,000.00 and I had thought that, *in twelve years* or thereabouts, the interest of this residue would pay all these charitable bequests in the order in which they stand."

Sec. 25 directs that, in case the residuum should be less than $20,000.00, there should then be a *pro rata* diminution of the charitable bequests, so as to make each of such size that their aggregate shall equal the income from the trust fund *in the said period of twelve years.*

Sec. 26 directs that, in case the sum constituting the trust fund should be so large that it will, *in twelve years*, produce more than enough to pay all the benevolent gifts above enumerated, then all excess of interest which shall accrue before the expiration of said twelve years shall be given to the trustees of the Presbyterian Home, etc.

*First.* I do not think the claim for commissions, in the capacity of both executors and trustees, can be allowed.

There is no reported case of the allowance of double commissions on the same fund, where the trust imposed on the executors consists simply in holding and keeping it invested, until the arrival of the time for paying over the money to the *cestui que trust*, and, in the meantime, paying over the income according to the directions of the will, unless the money so held in trust had been previously separated from the body of the estate, and held as a distinct fund by the trustee as such, after his relation thereto as executor had ceased.

This separation has usually been made by direction of

the court, as in Matter of Carman (*3 Redf.*, *46*); Ward v. Ford (*4 Redf.*, *34*); Hall v. Campbell (*1 Dem.*, *415*); Matter of Woolsey (*29 Hun*, *626*).

The executors in this case, however, rely upon Hurlburt v. Durant (*88 N. Y.*, *121*), as warranting the granting of the allowance which they claim. In that case, the court says: "No doubt a separation by order or decree of a court or Surrogate would be most satisfactory evidence of the real relation of the party to the fund. But the statute (Code, § 2514, subd. 6; § 2819) recognizes the existence of the office of executor and testamentary trustee in the same person, and provides for compensation of each under certain circumstances (§§ *2736–2811*). Their duties are separable, and that separation may be determined without the interposition of a judicial proceeding."

This, however, recognizes the necessity of the actual setting apart of the trust fund, and requires that its separation must take place, in fact, if not by action of the court, and that the executor must cease to hold such fund as executor, and take and hold the same solely in his character as trustee, before his right accrues to commissions in the latter capacity.

I do not see how the executors in this proceeding are in any more favorable position, in regard to the claim for double commissions, than were the appellants in Hall v. Hall (*78 N. Y.*, *535*), in which case the claim was disallowed. The court there say: "Much stress is laid upon the designation of the appellants as trustees as well as executors in the will, but it is very evident that these terms were used interchangeably, and as synonymous, and it would hardly seem from the

bequest of the fund in question to his executors, and the survivors of them, and the successors and successor of them, that the testator contemplated a trust that would attach to the persons of the executors rather than to the office, or intended the execution of the trust in the character of trustees, rather than executors."

It does not appear, in the present proceeding, that there has ever been such a setting aside by the executors of any distinct fund, and the subsequent holding of the same by them in the character of trustees, as to warrant the allowance of commissions in both capacities, and the claim is, therefore, not allowed.

*Second.* The petition in this proceeding denies the validity of the bequests to divers charitable institutions, particularly named in the twenty-third clause of the will, and it, therefore, becomes necessary, as an incident to the power to give directions for the proper and lawful distribution of the residuary estate, now in the hands of the executors, to determine the question thus presented.

The twenty-third, twenty-fourth, twenty-fifth and twenty-sixth clauses of the will, taken together, plainly indicate an intention on the part of the testator to have the residuum of his estate held by the executors in trust for the period of twelve years, and to be kept invested in safe securities, for the sole purpose of accumulating the interest as a fund, out of which, the charitable bequests above referred to should be paid, in whole or in part, as the condition of the fund at the end of the said twelve years should permit.

This endeavor to suspend, for a fixed period of time, the absolute ownership of the residuary estate, instead

of limiting the suspension upon two lives in being at the death of this testator, is in direct violation of the provisions of Part 2, ch. 4, tit. 4, § 1 of the Revised Statutes, so far as such residuary estate was personal property, and is within the prohibition of Part 2, ch. 1, tit. 2, § 15 of those statutes, as to such part of the said residuum as was real property.

The suspension of the ownership of the residuary estate is not limited upon the uncertain element of the duration of any two human lives, but is definitely fixed at twelve years, and is, therefore, clearly brought within the provisions of the statutes above cited. (1) Charitable donations of a public character form no exception to the law against perpetuities (Rose v. Rose, *4 Abb. Ct. App. Dec.*, *108*). (2) It further appears, by the evidence given by the executors, that no interest has been produced by this residuary estate, and the legacies must fail for that reason.

The directed accumulation of the interest for the period of twelve years was not for any of the purposes allowed by law, and is, therefore, void (R. S., Part 2, ch. 4, tit. 4, §§ 3, 4).

A decree may be entered in accordance with the foregoing opinion.