NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—June, 1886.

## MATTER OF HARRIS.

*In the matter of the judicial settlement of the account of the executors of the will of* HENRY HARRIS, *deceased.*

The surviving partner of a decedent, who is also an executor of his will, is entitled to no remuneration, in the latter capacity, for his labors in winding up the business of the firm, the performance thereof being obligatory upon him as a duty incidental to the contract of partnership.

The right of testamentary *trustees* to retain, from time to time, in advance of an accounting, their commissions upon income received and paid out, is not in conflict with the established rule that *executors* cannot appropriate to themselves commissions, upon either principal or income, until the same have been awarded by a decree.

Executors have no vested right to commissions, which remains unaffected by a statutory change of rate or proportion, taking effect after their services are rendered, and before entry of the decree whereby their compensation is fixed.

In apportioning commissions among several executors, in the case of an estate exceeding $100,000 in value, the provision of Code Civ. Pro., § 2736, directing a division of the aggregate award "according to the services rendered" by the recipients, respectively, requires that consideration should be given to the amount of time devoted by the executors respectively, to the affairs of the estate, and to the extent and importance of the labors which they have severally performed.

Hill v. Nelson, 1 *Dem.*, 357—approved.

CONTEST among Benjamin Russak and three others, the four executors of decedent's will, as to the quantum of their respective shares of commissions, to be awarded for executorial service, by the decree to be entered upon the judicial settlement of their account. The facts appear sufficiently in the opinion.

ALGERNON S. SULLIVAN, EDWIN L. KALISH, ALFRED JARETZKI, *and* RICHARD S. NEWCOMB, *of counsel for the executors.*

THE SURROGATE.—This testator died in June, 1879, leaving several testamentary papers thereafter admitted to probate as his will, whereby he appointed four executors, all of whom qualified in July, 1879, and all of whom have, since their qualification, taken some part in the administration of this estate. They have lately united in filing for judicial settlement an account of their proceedings, whereby it appears that the value of their testator's estate over all indebtedness is largely in excess of $200,000. A question has arisen between them as to the share which they are respectively entitled to claim in the three full commissions that, under these circumstances, may be awarded for the entire executorial service by the decree to be entered in this proceeding.

At the time they entered upon the discharge of their duties, and at all times thereafter down to the 6th day of July, 1881, the rate of compensation of executors in estates of this magnitude was fixed by L. 1863, ch. 362, § 8, which, upon the adoption of the second part of the Code, was substantially incorporated into § 2736. This statute provided that where an estate was valued at not less than $100,000, each executor, if the whole number of executors did not exceed three, should receive one full commission, and that, if their number should be more than three, three full commissions should be divided among them, share and share alike.

By the act of June 16th, 1881, § 2736 of the Code was amended so as to provide that the aggregate

sum awarded as commissions in estates exceeding
$100,000 in value should be apportioned among the
executors " according to services rendered by them re-
spectively." Counsel for Messrs. Tobias and Greene,
two of the parties here accounting, claim that their
clients have a vested right in an equal division with
their co-executors of the commissions upon such
sums as were received and paid out prior to July 6th,
1881.

I do not think that this contention is sound. The
Court of Appeals has lately held that trustees are
entitled, in advance of an accounting, to retain from
time to time their commissions upon incomes received
and paid out (Hancox v. Meeker , 95 *N. Y.*, 528 ;
Matter of Mason, 98 *id.*, 527). I do not understand
that those decisions are at all in conflict with the
proposition which has been frequently asserted by
the courts of this State, that executors have no right
to retain commissions either upon income or upon
principal until the same have been awarded by a de-
cree. See Haskin v. Teller (3 *Redf.*, 316); Wheel-
wright v. Wheelwright, 2 *id.*, 501); U. S. Trust Co.
v. Bixby (2 *Dem.*, 496); Freeman v. Freeman (4
*Redf.*, 211); Wheelwright v. Rhoades (28 *Hun*, 57);
Hancox v. Meeker (*supra*, 95 *N. Y.*, 528, at p. 539).

It is not, perhaps, a necessary corollary from this
proposition that, when commissions are in fact
awarded, they must be computed according to the
standard of the law in force at the time the award is
made ; but, upon full reflection, that mode of com-
putation seems to me to be the proper one.

It will be noted that, from the time when these

accounting parties entered upon their duties until now, there has been no change in the law as regards the aggregate compensation awarded for their execu-torial service. There is here, therefore, no question between the executors on the one hand and the bene-ficiaries under the testator's will on the other, as to the amount to be allowed the former by way of com- missions. The question is one in whose determina-tion the executors themselves are the only persons interested.

Now, if the statutory reward were given solely for receiving and paying out the moneys of the estate, there would be much force in the suggestion that the respective rights of the several executors to share in the aggregate commissions should be determined as to the times when such receivings and such payings out took place, and according to the law at such times in operation.

But I agree with Surrogate COFFIN that, although the compensation of executors is to be measured by the fixed standard of a percentage upon the moneys passing through their hands, such compensation is not intended and has never been intended merely as a reward for their labors and responsibilities in receiv-ing and paying out, but as a reward for their entire service in the management of the trust confided to their care (Hill v. Nelson, 1 *Dem.*, 357). And as executors do not become entitled to commissions until they are awarded by the decree which settles and de-termines their accounts, it is incumbent upon the Sur-rogate to apply the law in force at the time of the entry of such decree, and in the present case to ap-

portion the aggregate compensation according to the services which these executors have rendered.

Consideration should be given to the amount of time devoted by them respectively to the affairs of the estate, and to the extent and importance of the labors which they have severally performed. I can easily conceive of an administration conducted by two executors, of whom one should receive and distribute all the assets, and the other should nevertheless be entitled, because of his care and pains in the management of the estate, to a larger share than his associate in the statutory compensation.

Now, it is quite evident, from the affidavits submitted for my consideration, that executor Russak has taken a more active and more important part in this administration than any of his co-executors; but I cannot, without further inquiry, make a satisfactory apportionment among them of the three commissions to which they are unitedly entitled. A large part of the assets of decedent's estate consisted, at his death, of his interest in a partnership whereof executor Russak was a member. As decedent's surviving partner, it was Mr. Russak's duty to wind up the business of the firm. This duty was incident to his contract of partnership, and he is entitled to no remuneration for performing it (Washburn v. Goodman, 17 *Pick.*, 519; Beatty v. Wray, 19 *Penn. St.*, 516; Burden v. Burden, 1 *Ves. & B.*, 171; Ames v. Downing, 1 *Bradf.*, 321, 334; Dougherty v. Van Nostrand, *Hoff. Ch.*, 68; Franklin v. Robinson, 1 *Johns. Ch.*, 158; Brown v. McFarland's Ex'r., 41 *Penn. St.*, 129). Such services as he rendered in pursuance of that duty must, there-

fore, be disregarded in the settlement of this controversy. Everything done by him which he would have been bound to do as decedent's surviving partner, even though he had not been numbered among his executors, must be eliminated from the quantum of his services, before those services are compared with such as may appear to have been rendered by his associates.

Unless the parties can adjust their differences, I must direct a reference, the expense of such reference to be defrayed out of the aggregate commissions (Hill v. Nelson, 1 *Dem.*, 357).