## WILLETT'S ESTATE.

*(Surrogate's Court, New York County. June 14, 1888.)*

1. TRUSTS—CONTESTING TRUSTEES' ACCOUNTS—COSTS.

As regards the charging of costs against objectors to a trustee's account, the test is, would any reasonable man have contested the account under the circumstances?

2. SAME—ALLOWANCE FOR TRUSTEES' TIME—FORM OF BILL OF COSTS.

The entire charge in the trustees' bill of costs, for days consumed before the surrogate, and before the referee, should be included in one sum; being stated as under Code Civil Proc. N. Y. § 2562, which provides that a testamentary trustee may be allowed such additional sum as the surrogate deems reasonable for counsel fees, etc.

3. SAME—EVIDENCE—CERTIFICATE OF REFEREE.
   The referee's certificate as to the number of days occupied on the trial before him must be taken as conclusive.
4. SAME—APPORTIONMENT OF COMMISSIONS.
   Commissions to co-trustees will be apportioned according to the value of the actual service rendered by either to the trust.
5. SAME—WHEN DOUBLE COMMISSIONS WILL BE ALLOWED.
   A trustee is entitled to double commissions on a certain amount of the trust fund, which he, as executor, turned over to himself as trustee, but not on the full amount.
6. SAME—REFERENCE—TIME TO PREPARE FOR.
   Forty-nine days spent in preparation for the hearing of a reference, which occupied but 14 days, besides the number of days occupied in preparing the accounts to be settled, will not be allowed for, in the absence of proof that such time was necessary.
7. REFERENCE—FEES OF REFEREE.
   In the absence of any stipulation or consent filed, the referee's fees must be limited to the statutory allowance, which is $6 per day.
8. SAME—TRAVELING EXPENSES.
   There is no provision of law authorizing a charge for the expenses of a referee in traveling from one state to another to attend the reference.

Accounting of trustees under the will of Margaret Willett, deceased. Code Civil Proc. N. Y. § 2562, provides that, in addition to the sum specified in the preceding sections, an allowance may be made to a testamentary trustee, etc., of such sum as the surrogate deems reasonable, for his counsel fees, etc.

*Wm. C. Reddy*, for trustees.    *Edmund D. Hennessy*, for objectors.

RANSOM, S. The parties to this proceeding are Edward M. Willett and Richard A. Brown, trustees; William M. Willett, Sr., *cestui que trust;* and Edward Willett and Cornelius C. Willett, remainder-men, under the trust created in the will of above deceased. William M. Willett, the *cestui que trust,* is the administrator of William M. Willett, Jr., the deceased former trustee, and is also guardian of two children of his deceased daughter. These children are entitled to one-third of the residue of the trust. The proceeding herein was begun by the petition of Edward Willett for a compulsory accounting in October, 1886. An order that the trustees account was made in October, 1886, and their account was thereafter filed, and objections filed thereto by Edward and Cornelius C. Willett, and an order of reference made January 2, 1887. On the coming in of the referee's report, which substantially disallowed the objections, exceptions were filed thereto, and the proceeding was sent back to the referee to take further proof, which was done. The report of the referee was confirmed, and all the exceptions thereto overruled. This report substantially sustained the trustees. A proposed decree is now submitted by the trustees, and bills of costs presented therewith of the trustees, of Cornelius C. Willett and Edward Willett, objectors. The trustees seek to impose the entire costs of the proceeding upon the objectors. Certain amendments to the decree are proposed by the objectors, which include some minor changes, evidently caused by clerical errors, and, further, the changing of the provision in regard to trustees' commissions.

I will first take up the question of costs. Upon a consideration of the referee's report, it was not my intention to consider his suggestion as to who should bear the costs of the proceeding, but to leave that question open until the settlement of the decree. I have no doubt but that this proceeding was instituted in good faith. From 1870 to 1876 there had been no accounting of the proceedings of the trustees had, and in 1876 an accounting was had in the supreme court, to which these objectors were not parties. From 1870 to 1886 six trustees were associated with Edward M. Willett, who was a trustee from the commencement of the trust,—a great part of the time sole trustee. The affairs of the trust, as shown by the facts brought out on the two references, were, to say the least, in a somewhat muddled condition; and the fact that the objectors were in the main unsuccessful would not alone induce me to

charge them with the expense of this contest.   A fair test seems to be, would any reasonable man have contested, under the circumstances?   I think he would; hence the application to charge the costs on the objectors should be and is denied.   Neither can the application to charge them on the trustees be granted.

The trustees submit a bill of costs and disbursements aggregating $1,920.94. I will take up the items separately.   The $70 for contest under section 2561, Code Civil Proc., is allowed.   The next item is $130, for 15 days, occupied on the trial before the surrogate, less 2.   There is a wide discrepancy between the statement of the trustees and that of the objectors as to the number of days spent before the surrogate.   The objectors say 5, and the trustees 15. There can be no actual difference.   There is a strange mistake somewhere, which should be explained; otherwise I shall allow nothing in this regard. I will say here that the form of the trustees' bill of costs is incorrect.   The entire charge for days consumed before the surrogate and before the referee should be included in one sum under the provision in the bill of costs, stated as being under section 2562.   The next item is a charge of $200 for 20 days occupied on the trial, etc., less adjournments.   This charge will be governed by the certificate of the referee, who certifies that there were 10 days on the first reference on which something was done, and 4 days on the second.   I must take this as conclusive, although differing somewhat from the statements of the respective parties.   The trustees are allowed 10 days, (first reference,) plus 4 days, (second reference,) $140.   The next item claimed is $150 for 15 days consumed in preparing the account.   The affidavit to support this charge is very meager, and not in conformity with the rule.   I have been obliged, therefore, to examine the accounts.   They are not voluminous, and do not seem to have been difficult of preparation.   I think 10 days ample for their preparation, and allow, therefore, $100.   The next item claimed is $490, for 49 days occupied in otherwise preparing for trial.   The affidavit to support this charge in no way conforms to the rule, and is of no aid to me in reaching a correct decision.   In consideration of the other costs asked for and allowed as above, and being mindful of the character of the accounts and the questions involved therein, I think this charge excessive.   It is impossible that a reference which occupied but 14 days could justify the consumption of 49 days in preparation therefor, outside the number of days occupied in preparing the accounts.   I must have proof to sustain all allowances, and, as none is furnished justifying this claim, it must be disallowed.

I now come to the disbursements of the trustees.   The first and second items amount to $650 for referee's fees on both references.   Neither this amount, nor anything like it, can be allowed.   There being no stipulation entered into on the reference, or consent of all the parties filed now, that his fees should be taxed at that amount, and, on the contrary, objection thereto being made, he must be limited to the statutory fees.   His certificate shows that 14 days were actually occupied on the two references.   For these days he is allowed $84.   He also states that on both references he consumed 16 days in the preparation of his report.   This seems to be a very liberal allowance of time for such service; but, there being no objection or counter-statement, I will allow him 16 days therefor, $96, making: Days on which testimony was taken, 14, $84; days preparing report, etc., 16, $96,—$180.   The next item is $219.80, stenographer's fees.   There being no objection to this charge, no infants, and all parties represented, it is allowed.   All the other disbursements of the trustees are allowed.   I now come to the costs of Cornelius C. Willett, who asks, for contest, $70; 14 days on trial or hearing, less 2, $120,—$190.   This is fully explained by affidavit and certificates of referee, and is allowed.   The next bill of costs is that of Edward Willett.   He asks, for contest, $70; 21 days on trial or hearing, less 2, $190.   This cannot be granted.   He may be allowed the same as his co-objector, namely: Contest,

$70; 14 days on trial or hearing, less 2, $120,—$190. The disbursements of this party, amounting to $19.99, seem to have been necessary, and are allowed.

I next come to the question of trustees' commissions. Trustee Edward M. Willett was the executor under the will, and received as his commissions, on his final accounting as such executor, in April, 1870, $1,252.36. There is no doubt but that he is entitled to double commissions on a certain amount of the trust fund which he, as executor, turned over to himself as trustee, (*In re Starr,* 2 Dem. Sur. 141; *Laytin* v. *Davidson,* 95 N. Y. 263; *Estate of Mason,* 98 N. Y. 527,) but not on the full amount. The next consideration is on what amounts the commissions to the respective trustees will be allowed, and how the same will be apportioned between them. The standard by which to measure the apportionment of commissions to these trustees is not the amount either or both received, but the value of the actual service rendered by either to the trust. *Hill* v. *Nelson,* 1 Dem. Sur. 357; *In re Harris,* 4 Dem. Sur. 463. The amount of commissions must be computed as follows: One-half commissions will be allowed to the trustees on the whole sum of $51,555, for receiving; these commissions to be apportioned between them in proportion to the services which they have thus far rendered in the administration of the trust; which, in my judgment, would entitle Trustee Willett to one-half commissions on $10,700 for receiving, and one-half commissions for paying out the same, and would entitle Trustee Brown to one-half commission for receiving $40,555. The only duties performed by Trustee Willett towards the whole fund of $51,555 related entirely to that portion on which he has been allowed one-half commissions for receiving and paying out, viz., $10,700. The amendments to the decree proposed by Mr. Hennessy should be heeded on the presentment of the new decree. Let one be presented in accordance with the foregoing memorandum.

APPLICATION FOR REHEARING.

(June 20, 1888.)

RANSOM, S. Application by the attorney for the trustees for the reconsideration of his claim for costs heretofore taxed. The attorney for the trustees in the first instance presented, presumably, the facts, by the way of affidavit, in such detail, and with such particularity, as our rules require in respect of service claimed by him for "otherwise preparing for trial." Excessive labor was in this proceeding imposed upon me in arriving at a just allowance to the trustees' attorneys, which would have been materially reduced if he had regarded the rule, and given me such detailed information, as I am entitled to, for the purpose of exercising that discretion which the statute invests in me. Upon personal *ex parte* application, by way of letter addressed to me, I permitted him to file a supplemental affidavit, upon his inferential motion, for a reconsideration by me of his claim. While conceding to this attorney this indulgence, I desire to be understood that, in all cases, I shall consider bills of costs sustained by affidavits but once, except in case of clerical error, fraud, or mistake. In this proceeding the trustees' attorney seemed to ignore completely the rule which has been in existence since the 1st of January last, requiring some reasonably detailed statement of services for which *per diem* allowance is claimed. There is no evidence now presented that the trustees' attorney has, in proper regard for fair practice, served a copy of the supplemental affidavit to sustain his claim upon his adversaries. My former decision upon this claim cannot be modified. It may be that the allowance granted by me by way of costs is not sufficient to properly compensate the attorney. In that event he should look to his clients, the trustees, for such compensation, and, if proper, they may be allowed the same upon a judicial settlement of their account. Upon the papers first submitted, including two certificates of the referee certifying to the time spent by him on the reference,

I made him the allowance authorized by law. The attorney for the trustees, without having first obtained leave therefor, has intruded a supplemental certificate from the referee, in which he now certifies that 24 days were occupied by him on the two references. This is an increase in the number of 10 days, and may be justified by the facts, although his first certificate is sustained by the affidavit of one of the contestants. The certificate of a referee is permitted by statute instead of a sworn statement, because of his official relations to the court. It goes without saying that he should be very careful to give correct, accurate, and truthful information. Without intending to impute to this referee any impropriety whatever, I am unable to understand how he should have made a mistake of ten days between his two certificates. Under the facts, as they have been made to appear in this proceeding, I decline to modify my previous decision in regard to his allowance. Parties before the court *sui juris* may, by written consent, filed, or by consent recorded upon the minutes before the referee, give him the right to fees in excess of those allowed by law, subject always to the approval of the surrogate. The referee admits that he has reckoned his services at the rate of ten dollars a day. The statute is too plain for doubt that he cannot be allowed more than six dollars a day. It is impossible that he is not well acquainted with this mandatory law. So, also, is the attorney for the trustees. Yet they unite in urging that I shall actually disregard the statute. It is needless to say that I must decline to do so. The referee claims a considerable item for his expenses in traveling from New England to New York to attend the reference. I know of no provision of law that authorizes such a charge. I hope all referees and attorneys will understand that I depend upon proof of substantial service rendered by each of them, and that I am controlled absolutely by the plain provisions of the statute in fixing the compensation therefor. I decline to indulge in judicial legislation.