### In re WORTHINGTON'S ESTATE.

(Supreme Court, General Term, Second Department.   February 13, 1893.)

FEES OF EXECUTOR—ASSIGNMENT BEFORE ALLOWANCE.
   Fees of an executor are not due until ascertained and fixed in the manner provided by statute, and, if he dies before they are allowed, an assignment thereof is invalid, as against his representatives.

Appeal from surrogate's court, Westchester county.
Proceeding to settle the accounts of Sarah N. Worthington and others, executors and trustees under the will of Harry T. Worthington.   From an order of the surrogate denying a motion to open and amend a decree settling the account of the executors and trustees, John A. Bryan, one of the executors, appeals.   Affirmed. .

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Charles E. Davison, (Wm. W. Bryan, of counsel,) for appellant.
Wetmore & Jenner, for respondent.

PRATT, J.  This is an appeal from an order of the surrogate of
Westchester county refusing to open and amend a decree settling the
accounts of the executors and trustees, filed November 4, 1891.  It is
perhaps unnecessary to add anything to the opinion filed by the surro-
gate, that an issue might be raised by the representatives of the deceased
executor, who made the assignment, whether the assignment was a valid
instrument, and upon this issue the parties would be entitled to a trial
by jury, which could not be had in the surrogate's court.  It seems clear
that when the assignment was made there were no fees or commissions
on which the assignment could act.  The mode of ascertaining and fix-
ing the commissions of executors are entirely statutory, and, until they
are so ascertained and fixed, none are due; and in this case, by reason of
the lunacy and death of Harry T. Worthington, none ever became due
and payable.  The petitioner, at most, was a mere creditor of Harry T.
Worthington; and his claim, if any, should be made against the estate
of the said Harry.  In re Harris, 4 Dem. Sur. 463; Wheelwright v.
Rhoades, 28 Hun, 57; Freeman v. Freeman, 4 Redf. Sur. 211; Carroll
v. Hughes, 5 Redf. Sur. 337.  It did not appear in this proceeding that
said deceased executor had earned, or become entitled to, any fees before
his death.  There is neither authority nor reason for any such claim as
is made by the petitioner.

Order affirmed, with costs and disbursements.