The late Samuel A. Rothenberg created in his lifetime a trust of certain life insurance policies for the benefit of his wife and children. He died May 20th, 1932, and the Franklin Washington Trust Company began the administration of the trust. On July 23d 1935, the trustee presented its first petition and accounting which was duly allowed. A suit was later brought by one of the beneficiaries of the trust for an accounting. Rothenberg v.Franklin Washington Trust Co., 127 N.J. Eq. 406. *Page 378 
In September of 1940, the trustee, by petition, presented its intermediate account for approval. A rule to show cause was issued and served as directed therein. On motion, the jurisdiction of the Court of Chancery to settle the account of a trustee under an inter vivos trust was challenged. The learned Vice-Chancellor determined, quite properly, that the court had jurisdiction.
The bench and bar of this state have always assumed that a trustee could file a bill in Chancery and bring the beneficiary of the trust before the court and secure such relief as was necessary for its safety in the management of the estate. In 1885, Mr. Cortlandt Parker, a leader of the New Jersey bar, filed such a bill. Dod v. Pierson, Chancery Files 11-487. Relief was granted as of course. See, also, Blair's Executor v.Green, 45 N.J. Eq. 671. In fact, the principle was so well settled that Vice-Chancellor Pitney, without statement of authority, said in Dyer v. Waters, 46 N.J. Eq. 484, that a trustee had it in his power at any and all times to come of his own motion and procure a settlement of his account.
It is difficult for us to understand the reasoning which suggests that a trustee should be precluded from accounting on his own motion in a court of equity. It is his duty to keep and render accounts. He must, therefore, of right be able to secure periodic repose by so doing. That there may be such voluntary accounting finds support in 65 Corp. Jur. 897, § 792; Scott onTrusts §§ 172 and 260; Re-statement Trusts § 172. BesidesN.J.S.A. 3:10-23-30 confers such right, if more be needed. Further, the rules of the Court of Chancery (rule 268) recognizes the right.
The older practice, as pointed out, was to file an original bill. However, Chancery rule 268 permits relief in cases like the present by a petition. The only advantage in a bill is that subsequent accounting can be had in the cause. The court clearly had jurisdiction, and if it desires it may amend the proceeding.N.J.S.A. 2:29-13; Grobholz v. Merdel Mortgage Investment Co.,115 N.J. Eq. 411.
The infant was served in the manner directed by the court. On petition a guardian ad litem was appointed. There was no special appearance filed by consent of court. There was, therefore, a general appearance. *Page 379 
The New Jersey cases cited in the appellants' brief are not in point. The trustee is not seeking advice where there is no dispute, but is seeking approval of that which he has done to date in the administration of the trust. The Court of Chancery in approving the account is not assuming the duty of counsel. In a plenary proceeding between the parties, it determines a fact of importance to both.
The order under appeal is affirmed, with costs.
For affirmance — THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.
For reversal — None.