In the Matter of Helena S. CORCORAN TRUSTS created under Trust Agreements dated December 8, 1955, October 21, 1957, and December 10, 1959.

Court of Chancery of Delaware, New Castle.

Oct. 6, 1971.

———◆———

S. Samuel Arsht, and Thomas D. Henderer, of Morris, Nichols, Arsht & Tunnell, Wilmington, and A. Chauncey Newlin, of White & Case, New York City, for petitioner Bankers Trust Co., sole successor trustee.

Rodman L. Ward, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, guardian ad litem.

Robert P. Raskob, objectant, pro se.

William S. Potter and Charles S. Crompton, Jr., of Potter, Anderson & Corroon, Wilmington, for objectant Mary Louise Duffy.

MARVEL, Vice Chancellor:

On March 25, 1971, Bankers Trust Company, a banking corporation of the State of New York, sole successor trustee of the above trusts, in an ex parte application sought leave to account in this Court on behalf of itself and all predecessor trustees concerning their respective acts in the administration of three inter vivos trusts established by the late Helena S. Corcoran on the dates hereinafter indicated. It appears that prior to the filing of such petition, requests for the submission of accountings had been made to the successor trustee by certain of the life beneficiaries of such trusts, however, no request was made for a judicial accounting or settlement, which I am satisfied was primarily desired by the trustee for its own protection. Next, I am satisfied that the successor trustee's ultimate decision to seek a judicial settlement in Delaware was reached on its counsel's suggestion in order to avoid the anticipated greater expense which the same type of settlement might have involved in the State of New York, petitioner's domicile.

Anticipating the granting of leave to file such accounts, petitioner went on to pray for approval by this Court of the ac-

tions of the several trustees from the time of the setting-up of such trusts in question to the closing dates of the submitted accounts. Also sought was Court approval of the manner in which the trust funds in question are invested.

Finally, petitioner prayed that the order to be entered provide for the:

"* * * releasing and discharging the present and all predecessor Trustees from all liability with respect to the 1955, 1957 and 1959 trusts from the inception of the respective trusts to the respective closing dates of the accounts therefor."

On the same date, namely March 25, 1971, a hearing was scheduled on Bankers Trust's petition and attached accounts, at which hearing all parties in interest were to have an opportunity to be heard. A guardian ad litem was accordingly appointed for "* * * all minor, unborn, incapacitated, contingent and unascertained beneficiaries of the aforesaid trusts * *", and written notice of the scheduled hearing was ordered to be mailed to each adult beneficiary of the several trusts here involved together with copies of the petition herein with its attached accountings.

Several postponements of the scheduled hearing were thereafter granted with the consent of the petitioner in order to permit a full opportunity on the part of the life beneficiaries and the guardian ad litem to examine and test the accounts furnished them. And as a result of conferences between the interested parties during this period several adjustments in petitioner's accounts were worked out by counsel of record, leading to the withdrawal of several exceptions to the accounts in question. Such hearing was ultimately held on July 7, 1971, and the Court having found that it had jurisdiction to grant the relief prayed for, the accounts submitted by petitioner were generally approved, action being reserved solely on an exception taken by an adult trust beneficiary. An order to such

effect was entered on July 8, 1971, which also provided:

"7. Applications for the allowance by the Court from the Trusts of counsel fees and disbursements in connection with this proceeding shall be made * * * and a hearing on such petitions and the taxing of costs of this proceeding will be held on September 13, 1971 * * *."

Such second hearing was held as scheduled, at which the exception of the adult beneficiary, Robert P. Raskob, was overruled and a fee was granted without objection to the guardian ad litem and his New York counsel. Thus, the sole matter remaining to be decided in the case is the application of the attorneys for the petitioner for "* * * allowance of fees for their services performed and expenses incurred as attorneys for the Trustees of three *inter vivos* trusts created by Helena S. Corcoran in connection with the judicial settlement in this action of the accountings made on behalf of the present and former Trustees of those Trusts".

None of the trusts here involved contains a provision to the effect that the accounts of the trustees must be judicially settled. In fact, Article Ninth of the 1955 Trust, Article Eleventh of the 1957 Trust, and Article Tenth of the 1959 Trust all contain an almost identical expression of intent by the donor to the effect that in order to avoid the expense and delay incident to a judicial settlement of his or its account, any trustee acting at any time under the provisions of such trusts might, from time to time, account to her. However, each of the above articles ends with a clause to the effect that the foregoing provisions shall not preclude a trustee from having his or its accounts judicially settled if he or it shall so desire.

The successor trustee so desired, and as a result of the judicial settlement sought and granted not only it but its predecessor trustees have been exculpated,[1] at least at

1. By affidavit local counsel for the petitioner states that the purpose of this proceeding is:

"* * * to judicially settle the accounts with absolution to the accounting Trustees, assuming they were en-

this level, from any sort of responsibility for their handling of trust affairs up to the dates of such accountings although Title 12, Del.C. § 3521 requires that trustee accounts be filed only by trustees appointed by the Court and by testamentary trustees, and the approval of such accounts under Rule 129 is of a ministerial nature.

Petitioner points out in support of its application that Article Seventh of the 1955 Trust and Article Eighth of the 1959 trust provide:

> "The Trustees may employ counsel [2] * * * " and shall be " * * * entitled to reimbursement therefor * * * out of principal or income as the Trustees shall determine."

Counsel for the objectant Mary Louise Duffy, who questions the propriety of the award of any fee to the petitioner in connection with the accountings here in issue, argues that the expenses incurred in the course of the administration of a trust for which reimbursement from the trust is allowed must be confined to those " * * * which are necessary or appropriate for the carrying out of the purposes of the trust." Vol. III, Scott on Trusts, § 244 (see also Restatement of Trusts, 2nd, § 188), arguing that the legal fees here sought by the petitioner were incurred to absolve the present trustee and its predecessors from being called to account in the future for their past handling of the trusts in issue and not for the benefit of the trust estates.

■ First, it is clearly established in this jurisdiction that a trustee is entitled to be reimbursed from his trust for expenditures which benefit the trust estate, Hayward v. Green, 32 Del.Ch. 576, 88 A.2d 806. See also In re Walker's Estate, 13 Del.Ch. 439, 122 A. 192.

Next, this Court held in the case of In re Sellers' Estate, 31 Del.Ch. 158, 67 A.2d 860, in a situation involving expenditures by a trustee, who was a practicing physician, that payments out of the trust for the services of an investment counselor, for the services of an accountant, who prepared estate tax returns and kept books, as well as for the services of an architect, who had designed the decedent's residence, were proper on the theory that such expenditures benefited the estate, the doctor-trustee not being qualified personally to render the services in question, a fact which the testator well knew. However, the Court reserved judgment on an application for the payment out of the trust of certain out-of-state attorney's fees until evidence could be taken as to the nature of the services performed and the reasonableness of the charge. See also In re Brown's Estate, 28 Del.Ch. 562, 52 A.2d 387.

Furthermore, it has been held by this Court that where a trustee has successfully defended its account against exceptions and has demonstrated that it was not at fault, it is entitled to expenses and a fee for its solicitor, In re Mills' Will, 27 Del. Ch. 60, 30 A.2d 271, in which the Court cited Scott on Trusts, supra, § 188.4. But see Wilmington Trust Company v. Coulter, 42 Del.Ch. 253, 208 A.2d 677, a case in which the trustee, after being successfully surcharged, was denied counsel fees from the trust.

In the case at bar the end result of the several exceptions and objections to the trustee's account has been a modest reduction in past commissions collected by the petitioner as a result of the efforts of the guardian ad litem and a refusal by the Court to penalize the present trustee for its alleged tardiness in distributing the 1957 trust. Mary Louise Duffy, another ob-

---

titled to be so absolved, and with *res adjudicata* effect as to all parties in interest, including minors and remaindermen beneficiaries."

**2.** While the 1957 trust does not specifically authorize the trustee to employ counsel,

there is granted in Article Second, paragraph 13 of such trust the power to employ agents and to pay the charges therefor out of trust assets.

jectant, who still questions the propriety of an award of fees to the petitioner, earlier withdrew her objection to the scope of the judicial settlement sought by the petitioner.

Thus, the result of the unusual judicial action here sought and obtained by the trustee is two-fold; first, it has obtained judicial approval of trustee accounts covering many years, and thus, through the doctrine of res adjudicata, hopes to obtain absolution " * * * as to all parties in interest, including minors and remaindermen beneficiaries * * * ". Secondly, for the same reason, the petitioner's actions and the Court's rulings serve to protect the trust estates from the future threat of imposition on them of the legal fees and expenses incurred in successfully resisting any attempt at surcharge, Scott on Trusts, supra, § 188.4, and In re Wormley's Estate, 359 Pa. 295, 59 A.2d 98, although petitioner here, it must be noted, is seeking relief rather than defending against a threatened surcharge.

Finally, while the case of In re Rothenberg's Trust, 129 N.J.Eq. 377, 19 A.2d 639, is authority for the right of a trustee of an inter vivos trust to seek an accounting in Chancery, there is no indication that counsel fees were allowed out of the trust.

Considering the results of the exceptions and objections taken by the life beneficiaries and the guardian ad litem to the trustee's accounts, it is obvious that counsel's efforts have been principally directed towards protecting the present sole and successor trustee and its predecessors from the risks of future suits. And as stated in Scott on Trusts, supra, § 188.4:

> "Where a trustee employs an attorney for his individual benefit and not for that of the estate, he must pay the attorney out of his own pocket and is not entitled to reimbursement from the trust estate."

An allowance of $40,000 from the several trust estates on a proportional basis has been requested for local counsel for the petitioner, while $35,000 is sought from the same source for New York counsel.

 In the belief that the attorneys for the petitioner have on their own initiative primarily performed services in this action for the trustee's and its predecessors' absolution and not for the trusts themselves, a fee of $10,000 will be granted to the trustee's local counsel and a fee of $8,750 to its New York counsel on the suggested proportional basis for services actually rendered to the trusts, as opposed to those directed towards the absolution of the trustee and its predecessors for their past actions as fiduciaries. Because it is not feasible to break down out-of-pocket expenses, which I am satisfied were incurred in good faith in an effort to avoid the anticipated higher expenses of a judicial settlement in New York and at the same time obtain absolution, they will be allowed in full.

An appropriate order may be presented on notice.