**BANKERS TRUST COMPANY, as sole surviving Trustee under Trust Agreements of Helena S. Corcoran dated December 8, 1955, October 21, 1957 and December 10, 1959, et al., Petitioners Below, Appellants,**

v.

**Mary Louise DUFFY et al., Respondents Below, Appellees.**

Supreme Court of Delaware.

July 26, 1972.

S. Samuel Arsht and Thomas D. Henderer, of Morris, Nichols, Arsht & Tunnell, Wilmington, and A. Chauncey Newlin, of White & Case, New York City, for appellants.

William S. Potter, Charles S. Crompton, Jr., and Michael D. Goldman, of Potter Anderson & Corroon, Wilmington, for Mary Louise Duffy.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, Associate Justices, sitting.

WOLCOTT, Chief Justice:

This is an appeal from an Order of the Vice Chancellor allowing in part and denying in part a request for allowance of counsel fees to out-of-state and local counsel representing an accounting trustee.

Involved are three inter vivos trusts created respectively in 1955, 1957 and 1959. Initially, each of the trusts had individual trustees but over the years, by reason of attrition, the appellant, Bankers Trust Company, is now the sole trustee.

Prior to the institution of this proceeding in the Court of Chancery in March, 1971, no trustee had ever made a judicial

accounting of the trusts. The instruments did not require such an accounting but did not preclude one. After the settlor's death in 1963, her will was probated in the State of New York. Thereafter, normally the trustee would have accounted in that State. The trustee chose, however, the novel procedure of petitioning for a judicial accounting in Delaware rather than in New York, primarily because of the lesser cost of a Delaware accounting.

The Vice Chancellor upheld his jurisdiction to entertain the petition and entered Orders judicially settling the accounts and absolving the current and past trustees from any liability on them.

Bankers Trust thereupon sought an allowance of $75,000 for New York and Delaware counsel. Several of the beneficiaries excepted to the allowance of fees.

The Vice Chancellor held that the primary purpose of the trustee's action in seeking an accounting was to insulate itself from possible surcharge. He therefore disallowed a portion of the fees sought which he attributed to the trustee's desire to receive absolution. Accordingly, he allowed $18,750 out of a claim for $75,000. In re Corcoran Trusts, Del.Ch., 282 A.2d 653 (1971). This disallowance is the sole matter before us in this appeal.

As previously noted, the Vice Chancellor found that the primary motivation of the trustee in seeking a judicial accounting was to absolve itself from possible liability for its and its predecessors' administration of the trusts. We find nothing in the record which causes us to disturb this finding.

◼ The general law provides two situations in which an allowance from a trust

corpus for attorneys' fees may be made: when the attorneys' services were necessary for the proper administration of the trust, Scott on Trusts (2nd Ed.) § 244; Restatement of Trusts 2nd § 188; or where the services otherwise resulted in a benefit to the trust, 7 C.J.S. Attorney and Client § 193. Delaware law is in accord with the general rule.

The Courts of this State have consistently allowed fiduciaries reimbursement from the fiduciary estate for "necessary" expenses. In re Seller's Estate, Del.Ch., 31 Del.Ch. 158, 67 A.2d 860 (1949); In re Brown's Estate, Orph.Ct., 28 Del.Ch. 562, 52 A.2d 387 (1944); In re Walker's Estate, Orph.Ct., 13 Del.Ch. 439, 122 A. 192 (1923). Delaware Courts have also permitted such an allowance on a theory that the services resulted in a benefit to the trust estate. Hayward v. Green, Del.Supr., 32 Del.Ch. 576, 88 A.2d 806, 811 (1952); Bata v. Hill, Del.Ch., 37 Del.Ch. 363, 143 A.2d 728 (1958).*

◼ Turning to the facts in the present case, we feel that the disallowed expenditures in question cannot be characterized as necessary or as having resulted in a benefit to the trust.

The judicial accounting was not necessary here since there was no legal duty to judicially account. 12 Del.C. § 3521 requires an accounting only in the case of testamentary trusts. In addition, the Court of Chancery found, and we concur, that the trust instruments do not require a judicial accounting. Finally, although beneficiaries have a right to an accounting, Restatement of Trusts 2nd § 172, this right does not extend to a judicial accounting nor is its purpose the absolution of the trustee. Without such a right in the bene-

---

* Appellant suggests that Cleveland Trust Co. v. Wilmington Trust Co., Del.Supr., 258 A.2d 58 (1969); Wilmington Trust Co. v. Coulter, Del.Ch., 42 Del.Ch. 253, 208 A.2d 677 (1965); and In re Mills' Will, Del.Ch., 27 Del.Ch. 60, 30 A.2d 271 (1943) indicate that it is not necessary for a benefit to accrue to the trust estate in order to establish a right to an allowance for legal expenses. However, these cases involved surcharge actions against the trustee; the successful defense of them amounts to a necessary expense for the proper administration of a trust, but in the *Coulter* case allowances were denied in an unsuccessful surcharge defense.

ficiaries, there is no correlative duty on the part of the trustee to petition for a judicial accounting. Hence, the judicial accounting must be considered as of no benefit to the trusts insofar as its purpose was to absolve the trustees of liability.

It seems patently clear that the immunization from liability of the trustees does not benefit the trust but only the trustees individually.

Accordingly, since the expenditures attributable to the isolation of the trustees from liability were not necessary and did not result in a benefit to the trust, we hold that appellants are not entitled to an allowance for such expenses. It is not necessary for us to consider the Court of Chancery's allocation. The allocation, itself, is of course discretionary, and we find nothing which compels us to disturb it.

Therefore, for the reasons previously stated, the Order below will be affirmed.