204 A.2d 752 (1964)
Arthur J. L. HUTCHINSON, Plaintiff,
v.
The FISH ENGINEERING CORPORATION, a Delaware corporation, and Pacific Northwest Pipeline Corporation, a Delaware corporation, Doe One, Doe Two, Doe Three, Doe Four, Doe Five and Doe Six, Defendants.
Court of Chancery of Delaware, New Castle.
November 13, 1964.
Herbert L. Cobin, of Coxe, Booker, Walls & Cobin, Wilmington and Leonard J. Meyberg, Los Angeles, Cal., for plaintiff.
Arthur G. Connolly and Januar D. Bove, Jr., of Connolly, Bove & Lodge, Wilmington, and Robert F. Campbell, of Andrews, Kurth, Campbell & Jones, Houston, Tex., for defendant, The Fish Engineering Corp.
John VanBrunt, Jr., and Andrew G. T. Moore, II, of Killoran & VanBrunt, Wilmington, for defendant, Pacific Northwest Pipeline Corp.
*753 SEITZ, Chancellor:
Defendants were successful on the merits. Hutchinson v. Fish Engineering Corp., (Del.Ch.), 203 A.2d 53. Defendant Fish Engineering seeks to have the unsuccessful plaintiff pay its counsel fees. Assuming that the allowance of counsel fees to the successful party is a permissible discretionary matter with a court of equity, I conclude that the facts of this case do not move me to allow them to defendant Fish Engineering. First, in this type of case the granting of an allowance would be most unusual. Compare Maurer v. International Re-Insurance, 33 Del.Ch. 456, 95 A.2d 827; In re Equitable Trust Co., 27 Del.Ch. 60; 30 A.2d 271; Bata v. Hill, 37 Del.Ch. 363, 143 A.2d 728; Del. Trust v. Everitt, 37 Del.Ch. 270, 140 A.2d 778. Moreover, it would require a finding that the filing of the action was fraudulent, utterly frivolous or the like. I am unable to so find here. Counsel fees will not be assessed.
It is not disputed that the court costs are to be assessed against the losing plaintiff. However, both defendants seek to have other costs assessed against plaintiff presumably under the statute (10 Del.C. § 5106) which provides that this court shall make such order concerning costs "as is agreeable to equity". This statute seems to reflect the historic power to exercise a discretion with respect to the allowance of costs in addition to those covered by the term "court costs" otherwise known as "costs in the cause". See 3 Daniell's Chancery Practice, pp. 44-45 and see Claus v. Babiarz, (Del.Ch.), 190 A.2d 19. Daniell apparently describes these additional costs as costs "between solicitor and client". He states that as to these costs "* * * the principle is to allow the party as many of the charges which he would have been compelled to pay his own solicitor, as fair justice to the other party will permit".
The question then is whether in fair justice the charges for which defendants seek reimbursement from plaintiff should be allowed.
Defendants seek to assess the costs of copies of transcripts of the trial and of many depositions. Under Chancery Rule 54(d), Del.C.Ann. the court's copy of the transcript and of the depositions are not taxed as costs in the cause. While the rule does not apply to copies ordered by parties, it is clear that the court in adopting the rule desired to let the burden with respect to court copies fall on the parties who saw fit to order copies. On balance and in the absence of some compelling special equity I think the same approach should apply to copies of the transcript and depositions ordered by parties for their use. I find no compelling equity present here.
Defendant Fish seeks reimbursement for travel expenses, telephone and telegraph and express charges. Both defendants seek the costs of photostating exhibits, etc. These are all expenses which in the ordinary case in American state law are borne by the party who incurs them. Certainly the absence of precedent in this court, both legal and practical, for their allowance in situations where no fund exists is indicative of a feeling that generally at least they should be the obligation of the party who incurs them regardless of the outcome of the litigation. Thus, absent a most unusual situation, I believe both policy and practicality dictate that such costs not be transferred to the losing litigant.
I therefore conclude in the exercise of my discretion that the costs, apart from court costs, for which defendants seek reimbursement from plaintiff should not be allowed.
Present order on notice.