# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| BRAGA INVESTMENT & ADVISORY, LLC, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 2017-0393-AGB |
| | ) |
| YENNI INCOME OPPORTUNITIES FUND I, L.P., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S APPLICATION FOR COSTS AND DENYING DEFENDANT'S APPLICATION FOR ATTORNEYS' FEES

WHEREAS:

A.     On June 8, 2020, the court issued a post-trial decision (the "Opinion") ruling in favor of Yenni Income Opportunities Fund I, L.P. (the "Fund") and against Braga Investment Advisory, LLC ("Braga") on Counts I-III of the Complaint in this action.  Citing Court of Chancery Rule 54(d), the court held at the conclusion of the Opinion that the "Fund is entitled to costs as the prevailing party on all counts."[1] The court also directed the parties to submit an implementing order consistent with the Opinion.

---

[1] *Braga Inv. & Advisory, LLC v. Yenni Income Opportunities Fund I, L.P.*, 2020 WL 3042236, at *19 & n.200 (Del. Ch. June 8, 2020).

B.      On June 15, 2020, the court entered a Final Order and Judgment, entering judgment in favor of the Fund and against Braga on Counts I-III of the Complaint and entering a schedule for the Fund to apply for "costs."[2]

C.      On July 15, 2020, the Fund applied for $30,764.92 in purported costs falling into four categories: (1) File & Serve*Xpress* filing charges ($854.75); (2) court and trial fees, including court reporter and trial transcript charges and hearing fees ($4,562.09); (3) deposition transcripts and associated court reporter fees ($8,690.08); and (4) discovery document hosting fees ($16,658).[3]

D.      In its application, the Fund also sought $428,148 of attorneys' fees and related expenses from six different law firms that had represented the Fund at various times from the inception of this case, including four law firms that either had withdrawn their appearances long before trial or never formally appeared in the case.[4]

E.      The Fund submitted a cursory affidavit from Delaware counsel with its application for costs and for an award of attorneys' fees and expenses but failed to provide any backup documentation.[5]   After Braga objected to the lack of support

---

[2] Dkt. 202.

[3] Def.'s Appl. for Costs ("Appl.") ¶ 2 (Dkt. 203).

[4] *See* Dkt. 55; Dkt. 106.

[5] *See* Dkt. 203.

for its request, the Fund submitted a limited amount of backup documentation with its reply.[6]

**NOW THEREFORE**, the court having considered the parties' submissions, **IT IS HEREBY ORDERED**, this 8th day of September, as follows:

1.    **Costs.**   Court of Chancery Rule 54(d) provides that "costs shall be allowed as of course to the prevailing party unless the Court otherwise directs." "The type of costs that are typically recoverable under Rule 54(d) consist of so-called court costs, witness fees, and statutory delineated charges."[7]  Costs do not include "the expense of computer legal research, transcript fees, miscellaneous expenses (such as travel and meals), and the cost of photocopying."[8]

2.    In accordance with the authorities cited above, the Fund is entitled to recover its first category of expenses (court filing fees) in the amount of $854.75 but is not entitled to recover as costs most of the expenses falling within its second and

---

[6] *See* Def.'s Reply Br. Ex. A (Dkt. 206).  The backup documentation submitted with the Fund's reply did not account for all the purported costs the Fund seeks and did not include any invoices from any of the six law firms that represented the Fund, even though Delaware counsel attested that she reviewed documentation for each of these items.  Affidavit of Julia B. Klein ¶ 2 (Dkt. 203).

[7] Donald J. Wolfe, Jr. & Michael A. Pittenger, Corporate and Commercial Practice in the Delaware Court of Chancery § 17.02[b] (2019).

[8] *PharmAthene, Inc. v. SIGA Technologies, Inc.*, 2012 WL 2146000, at *6 (Del. Ch. May 13, 2012) (internal quotation marks and citations omitted).

third categories, which appear to consist of transcript fees.[9] The only amount falling within the second category that is recoverable consist of $1,636.25 of additional court charges, for which the Fund submitted backup documentation.[10] The Fund also is not entitled to recover those expenses falling within its fourth category, which consists of expenses paid to a vendor for document hosting. In my view, these expenses fall into the category of litigation support[11] and do not concern a "cost assessed by the court itself" or some other form of expense "associated with filing papers in court, obtaining service and so on."[12] In sum, the Fund is entitled to recover from Braga costs in the total amount of $2,491.

3. **Attorneys' Fees and Related Expenses**. The Fund asserts it is entitled to "attorneys' fees and related expenses as *costs*."[13] As our Supreme Court has made

---

[9] *See also All Pro Maids, Inc. v. Layton*, 2004 WL 3029869, at *4 (Del. Ch. Dec. 27, 2004) (disallowing request for "transcript and other costs associated with depositions or the trial").

[10] Def.'s Reply Br. Ex. A ("Activities Export" printout reflecting a total of $2,491 in court charges, which is the sum of $854.75 and $1,636.25) (Dkt. 206).

[11] *All Pro Maids*, 2004 WL 3029869, at *4 (disallowing request for "litigation support in the form of conversion of images, digital prints and document retrieval"); *see generally Hutchinson v. Fish Eng'g Corp.*, 204 A.2d 752, 753 (Del. Ch. 1964) (Seitz, C.) ("[A]bsent a most unusual situation . . . both policy and practicality dictate that such costs not be transferred to the losing litigant.").

[12] *Harrison v. Dixon*, 2015 WL 757819, at *6 (Del. Ch. Feb. 20, 2015) (Master's Report) (internal quotation marks and citation omitted).

[13] Appl. ¶ 3 (emphasis added).

clear, however, "costs" is "a term of art that does not include attorneys' fees."[14]  To hold otherwise would eviscerate the rule "'that litigants in Delaware are generally responsible for paying their own counsel fees,' absent special circumstances or a contractual or statutory right to receive fees."[15]

4.     Tacitly recognizing that its attempt to shoehorn its application for attorneys' fees and expenses into a request for costs is impermissible under Delaware law, the Fund contends that Braga is contractually required to pay its attorneys' fees and expenses and that the court should use its equitable powers to shift attorneys' fees in this case.[16]  There are three fundamental problems with these arguments.

5.     First, the Opinion and the Final Order and Judgment expressly stated that the only issue that remained for decision was an award of "costs" to the Fund, which, as just discussed, does not include attorneys' fees under well-settled Delaware law.  Given the court's specific directives, it was inappropriate for the Fund to press a claim for attorneys' fees and expenses as a request for "costs," which has resulted in a needless waste of judicial resources to address the issue.

---

[14] *Scion Breckenridge Managing Member, LLC v. ASB Allegiance Real Estate Fund*, 68 A.3d 665, 685 (Del. 2013) (construing the terms "costs" as used in 10 *Del. C.* § 5106, which provides that "[t]he Court of Chancery shall make such order concerning costs in every case as is agreeable in equity.").  The Supreme Court went on to "expressly overrule" "[a]ny contrary precedent." *Id.*

[15] *Id.* at 686 (quoting *Burge v. Fidelity Bond & Mortg. Co.*, 548 A.2d 414, 421 (Del. 1994)).

[16] Appl. ¶ 3.

6. Second, and related to the first point, "[t]he appropriate time for litigants to make a motion for attorneys' fees before a trial court is before the trial court enters a final judgment."[17] Although the Fund listed "reasonable attorneys' fees and costs" as relief it was seeking in the Pre-Trial Stipulation and Order,[18] the Fund did not brief that issue in its pre-trial brief or in its post-trial brief, after which the court issued the Opinion and entered the Final Order and Judgment. Accordingly, the Fund waived any right to seek an award of attorneys' fees and expenses.[19]

---

[17] *Pope Investments LLC v. Marilyn Abrams Living Tr.*, 2018 WL 3472191, at *1 (Del. July 18, 2018) (ORDER).

[18] Dkt. 179 ¶ 100(h).

[19] *See Biolase, Inc. v. Oracle P'rs, L.P.*, 97 A.3d 1029, 1036 (Del. 2014) (finding that "the Court of Chancery did not abuse its discretion when it entered a final judgment that denied Oracle's claim for attorneys' fees" where Oracle did not present "an argument in support of its request for an award of attorneys' fees" in it pre-trial briefs, at trial, or at the post-trial argument); *Branson v. Branson*, 2011 WL 1135024, at *1 (Del. Ch. Mar. 21, 2011) (finding request for attorneys' fees to be untimely where defendants "did not assert a claim for attorney's fees in the Pretrial Order, and they did not seek any award of attorney's fees in their post-trial briefing"); *Kosachuk v. Harper*, 2002 WL 1767542, at *8 n.51 (Del. Ch. July 25, 2002) (observing that where a party had sought an award of attorney's fees in the pretrial order but did not pursue the award during trial or in the post-trial brief, the claim for an award had been waived). *See also Oxbow Carbon & Mineral Hldgs., Inc. v. Crestview-Oxbow Acq., LLC*, 202 A.3d 482, 502 n.77 (Del. 2019) ("The practice in the Court of Chancery is to find that an issue not raised in post-trial briefing has been waived, even if it was properly raised pre-trial.") (citing *SinoMab Bioscience Ltd v. Immunomedics, Inc.*, 2009 WL 1707891, at *12 n.71 (Del. Ch. June 16, 2009) ("[Defendant] did not address those claims in post-trial briefing, and they are waived.") and *In re IBP, Inc. v. S'holders Litig.*, 789 A.2d 14, 62 (Del. Ch. 2001) (deeming a party to have waived arguments that it did not present in its opening post-trial brief)).

7. Third, the operative term of the contract on which the Fund belatedly asserts an entitlement to attorneys' fees—a Co-Investment Agreement—does not even mention attorneys' fees and, on its face, does not appear to be a fee-shifting provision. Rather, the provision appears in a section of the agreement describing the "economics" of the investment Braga made through the Fund (*i.e.*, that Braga would pay the Fund annual fees and a success fee) and provides simply that: "Co-Investor agrees to pay the expenses related to this co-investment. Any such fees and expenses will be paid within 10 business days upon invoicing."[20] Regardless, as discussed above, any arguments with respect to this provision should have been raised before entry of a final judgment so that they could be vetted and considered appropriately, but the Fund failed to do so.

8. For the foregoing reasons, the court denies the Fund's request for an award of attorneys' fees and related expenses.



*/s/ Andre G. Bouchard*
Chancellor

---

[20] JX 9 (Co-Investment Agreement) § 6. The Co-Investment Agreement was the subject of two companion claims (Counts II and III) for which the Fund obtained a judgment in its favor but was not the basis for the primary claim in the case (Count I). *See Braga*, 2020 WL 3042236, at *16 (holding that "Braga failed to prove that the Fund breached the Purchase Agreement and, even if it had, that Braga suffered any damages as a result.").